## Sanders *et al. v.* McDowell, Administratrix.

A writ of error will not lie to reverse a judgment, after a forth-coming bond has been taken and forfeited.

Where a judgment by default was rendered against three defendants, and only two of them were served with process, and a forth-coming bond was given by the two upon whom the writ was served; but subsequently to the forfeiture of the bond, a writ o error was prosecuted in the name of all the defendants, it was determined, that the defendants, who had given the forth-coming bond, were, by the statute, estopped from bringing their writ of error, and the cause dismissed as to them; and that, the other defendant was not bound by the judgment.

ERROR from the circuit court of the county of Madison.

At the April term of said court, 1839, Rebecca McDowell, as Administratrix, &c., brought an action of *assumpsit* on a promissory note for one thousand three hundred and forty-five dollars, against Benjamin Tarver, Sion Sanders and Peter Ragsdale. The writ was returned executed on Sanders and Ragsdale, but there was no return as to Tarver.

On the 25th day of April, judgment was rendered by default against all the defendants. Execution was issued against Sanders and Ragsdale only, and a forth-coming bond given by them and forfeited.

The cause was subsequently brought to this court, by writ of error, in the name of all the defendants below.

N. Calhoun, for plaintiffs in error.

C. C. Shackelford, for defendant.

*Per Curiam.*—The action was instituted against the plaintiffs in error on a promissory note. Two of them were served with process, but the other was not. The judgment was by default against the defendants generally. Execution issued against the two who were served with process, and they gave a forth-coming bond which was forfeited, before the writ of error sued out. The

[Sanders *et al. v.* McDowell, Administratrix.]

question is whether the judgment is erroneous, and if so, can it be reached after the forfeiture of the bond.

We should have no hesitation in pronouncing the judgment erroneous, if a forth-coming bond had not been given. The bond however, precludes the parties who gave it, and as the party who was not served with process did not join in the bond, there being no execution against him, we must regard him as free from the operation of the judgment, and the case must be dismissed as to the others.